WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Avery Curry Archuleta,<br><br>   Movant,<br><br>v.<br><br>United States of America,<br><br>   Respondent. | No. CV-25-08017-PHX-SMB<br>No. CR-22-08024-01-PHX-SMB<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN M. BRNOVICH, UNITED STATES DISTRICT JUDGE:

Movant Avery Curry Archuleta has moved to vacate his convictions under 28 U.S.C. § 2255. (Doc. 1.) Because Movant's grounds for relief lack merit, the Court recommends the Motion be denied.[1]

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY.**

 **A. Conviction and Sentencing.**

On March 29, 2022, the government indicted Movant on two counts: Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3) ("Count 1") and Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6) ("Count Two"). On December 1, 2022, a jury convicted Movant on both counts. (CR Doc. 58.) The Court sentenced Movant to 87 months of imprisonment followed by 36 months of supervised release. (CR Doc. 69.)

---

[1] "Doc." refers to the docket in this civil case. "CR doc." refers to the docket in Movant's underlying criminal case, *United States v. Archuleta*, No. CR-22-08024-01-PHX-SMB.

**B.    Direct Appeal.**

Movant timely appealed. (CR Doc. 283.) Movant raised the following issues on appeal: (1) whether the failure to include a specific unanimity instruction was plain error; and (2) ineffective assistance of counsel. (CR Doc. 90.) The Court of Appeals for the Ninth Circuit affirmed Movant's convictions and sentence. (*Id.*)

**II.    MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE.**

A federal prisoner may move to vacate, set aside, or correct his sentence on the grounds it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

**A.    Ground One – Failure to Object to Rule 404(b) Evidence.**

In Ground One, Movant argues trial counsel provided ineffective assistance by failing to object to the government's Notice of Intent to Introduce Evidence Pursuant to Rule 404(b). (Doc. 1 at 10-11.) Prior to trial, the government filed a notice of intent to introduce evidence of Movant threatening the victim James Begay in April 2020 (13 months prior to the charged offense of June 19, 2021). (CR Doc. 30 at 2.) The notice stated:

> In April 2020, the defendant arrived at the victim's home intoxicated and upset. He tried to hit the victim, but the victim's family intervened. The defendant told them that he would be back and that he would hurt them. The police report of this incident was disclosed to the defense in July 2022.

(*Id.*) Movant did not oppose the introduction of the evidence.

Here, while counsel's performance may have been deficient, Movant fails to argue or establish prejudice. To succeed on an ineffective-assistance claim, a movant must show both that: (1) counsel's performance was deficient, meaning "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the [movant's] defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To establish prejudice, the movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id.* at 694.

Regarding deficient performance, Movant is correct that counsel could have opposed the government's notice. Movant would have been in no worse of a position if he had objected. Movant's counsel filed an affidavit, which is attached to the government's response. Counsel declares:

> Before trial, the government filed a notice of intent to introduce evidence pursuant to Rule 404(b). I did not have a good faith basis to object to the evidence because I believed it was properly admissible to show Mr. Archuleta's motive and intent when he allegedly assaulted the victim. Additionally, I was able to use the 404(b) evidence to Mr. Archuleta's benefit by arguing to the jury that it showed the victim's motive for attacking Mr. Archuleta.

(Doc. 8-1 at 2.) But this affidavit does not speak to whether the preclusion of this evidence would have assisted the defense.[2] Certainly, the government believed the evidence aided the prosecution. The motive for the event, as described by the prosecution during its opening statement, was that Movant had "been harassing [the victim] and his family telling them that they do not belong to the area and telling them they needed to move somewhere else." (CR Doc. 86 at 17.) The government asserted the video evidence would show Movant shouting "things like, 'You don't even belong here. You better watch your ass. I'm gonna fuck you up.'" (*Id.*) Movant's counsel could have argued the threats were too remote in time, too dissimilar to the charged conduct, and unduly prejudicial.

But Movant fails to argue or establish *Strickland* prejudice. Movant asserts the "issue is not whether the trial court would have granted a defense motion or sustained an objection. Rather, the lack of any engagement on the topic was ineffective" because it would "have preserved the issue for appeal." (Doc. 1 at 11.) But preserving the matter for

---

[2] The Court notes that Movant's counsel argued the prior event supported Movant's self-defense claim, and he requested a limiting instruction. On the second day of trial, Movant's counsel advised the Court that he "provided our [other act] instruction, which is based on the model Ninth Circuit instruction we submitted as our proposed instructions." (Doc. 1-5 at 6.) Both parties then agreed the instruction should be read to the jury prior to James Begay's testimony. (*Id.* at 6-9.) Movant's opening statement asserted that Movant was assaulted by the victim. "We believe that you are going to see that there is a different version of the story than what's presented by the United States, that my client was the victim of attack and not the initiator of the attack and that my client was engaging in defensive positions and not aggressive positions." (CR Doc. 86 at 24.)

appeal is only relevant if there was a reasonably possibility that the evidence would have been precluded. Movant does not argue the evidence was inadmissible. Under Federal Rule of Evidence 404(b), evidence of crimes, wrongs, or other acts are admissible for purposes of proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Ninth Circuit has adopted a four-part test for the application of Rule 404(b): "evidence of prior or subsequent criminal conduct may be admitted if (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Luna*, 21 F.3d 874, 878 (9th Cir. 1994). The government's evidence tended to prove a material point in the case: Movant's motive and intent to commit the offense. Such evidence of a prior threat may be admitted into evidence. *See United States v. Cvijanovich*, 556 F.3d 857, 864 (8th Cir. 2009) (finding a defendant's past threats may be admissible under Rule 404(b) to provide "context for the indicted conduct" and to show "the seriousness of [later] threats."); *United States v. Jongewaard*, 567 F.3d 336, 342 (8th Cir. 2009) (finding "statements and actions during [an incident two years earlier] were relevant evidence of Jongewaard's motive and intent to commit the present offense."). Movant is not entitled to relief on Ground One.

**B.     Ground Two – Failure to Provide Correct Instruction on Self Defense.**

In Ground Two, Movant argues his counsel provided ineffective assistance by failing to request a correct self-defense instruction. He argues "counsel ineffectively failed to offer a self-defense instruction directing the jury their decision had to be unanimous." (Doc. 1 at 12.) Movant agrees defense counsel ultimately requested a self-defense instruction "on the fly" but argues it was ineffective to not object to an instruction that did not contain "key unanimity language." (*Id*.) Counsel concedes that the Ninth Circuit "did not rule in Mr. Archuleta's favor on this issue" but still asserts counsel provided ineffective assistance.

On direct appeal, Movant argued that "the district court plainly erred by failing to

specifically instruct the jury that it must be unanimous in its determination of whether the government disproved self defense." (Doc. 1-2 at 1-2.) Because Movant did not object to the jury instruction at trial, the claim was reviewed for plain error. (*Id*.) The Ninth Circuit found as follows:

> We reject Archuleta's argument that the district court plainly erred by not giving a specific self-defense unanimity instruction. The district court instructed the jury several times that its verdict must be unanimous. "In the ordinary case, a general instruction that the verdict must be unanimous will be sufficient to protect the defendant's rights." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 985 (9th Cir. 2020) (brackets omitted) (quoting *United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989)). A specific unanimity instruction is required only when there is "a genuine possibility of jury confusion or that a conviction may occur as the result of different jurors concluding that the defendant committed different acts." *United States v. Gonzalez*, 786 F.3d 714, 717 (9th Cir. 2015) (quoting *United States v. Chen Chiang Liu*, 631 F.3d 993, 1000 (9th Cir. 2011)). Archuleta has shown neither possibility. Given the district court's "wide discretion in crafting jury instructions," we conclude that it did not plainly err by failing to give a specific self-defense unanimity instruction. *United States v. Humphries*, 728 F.3d 1028, 1033 (9th Cir. 2013).

(Doc.1-2 at 2-3.)

As Movant concedes, the Ninth Circuit ruling precludes any finding of prejudice under *Strickland*. The jury instructions did not improperly instruct the jury with respect to unanimity, so Movant cannot show "a reasonable probability" that "the result of the proceeding would have been different" with a different self-defense instruction. Movant is not entitled to relief on Ground Two.

    **C.**    **Ground Three – Failure to Call Movant as Self-Defense Witness.**

In Ground Three, Movant argues that "trial counsel's failure to have [Movant] testify regarding self-defense was per se ineffective assistance of counsel." (Doc. 1 at 12.) He asserts that "the only effective way to present self-defense would have been for [Movant] to tell the jury 'my side of the story which I wanted to --- to testify.'" (*Id*. at 13.) Movant argues, "Not having the defendant testify makes a self-defense claim meaningless and is *per se* ineffective assistance of counsel." (*Id*. at 13.)[3]

---

[3] The Court notes Movant does not claim he was prevented from testifying. Movant agreed that "I wanted to testify . . . but my lawyer suggested I shouldn't, so I didn't testify at all." (CR Doc. 85 at 7.) Even if Movant claims he was prevented from testifying, that claim is waived. *United States v. Gillenwater*, 717 F.3d 1070, 1080 (9th Cir. 2013) (stating that a

- 5 -

**1.      Deficient Performance.**

A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," the Court in *Strickland* established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

In his Reply, Movant again argues "[it] was *per se* ineffective assistance to not present the jury the only witness to establish self-defense." (Doc. 10 at 2.) Movant provides no authority for the proposition that the failure to call a defendant in a self-defense case involving only a victim and a defendant is *per se* ineffective.[4] A case could involve substantial circumstantial evidence[5] of self-defense and not require a defendant to testify. More importantly, a defendant's possible testimony might be so incredible that it might aid the prosecution. *See Johnson v. Baldwin*, 114 F.3d 835, 839 (9th Cir. 1997) (finding *Strickland* prejudice based on poor defense preparation and a "reasonable probability that, if [defendant] had not taken the stand and lied [about not being present at the scene of the sexual assault], the outcome of the trial would have been different.").

Here, the declaration of Movant's counsel states:

> 13. Before trial, Mr. Archuleta and I discussed his possible testimony. I explained to Mr. Archuleta that it was his choice whether to testify. *Mr. Archuleta told me that he did not injure the victim.* His theory was that the elderly victim beat himself up and caused his own injuries.

---

defendant waives his right to testify "when defense counsel elects not to call the defendant as a witness, and despite being present, the defendant takes no affirmative action to demonstrate his disagreement with his counsel's decision not to call him as a witness.").

[4] *Per se* "typically means 'always,' 'absolute,' or 'absolutely.'" *See* Bryan A. Garner, *Modern American Usage* (2d ed. 2003).

[5] Significant age, size, and strength differences between a smaller defendant and larger victim might support a self-defense claim. Prior aggressive statements by a victim, or a lack of defendant's motive to commit an assault could support a self-defense claim.

- 6 -

> 14. Due to the nature of the victim's injuries and the DNA evidence, I told Mr. Archuleta that the jury was unlikely to believe the elderly victim injured himself. Accordingly, I suggested that Mr. Archuleta not testify. I was crystal clear, however, that the ultimate decision whether to testify was his. I never told Mr. Archuleta that he could not testify.

(Doc. 8-1 at 1.) (emphasis added). Counsel's concerns are corroborated by Movant's words at sentencing. Movant told the Court:

> How you doing, Your Honor? I just want to say a few things.
>
> I feel that the jury didn't get to hear my side of the story which I wanted to -- to testify, but my lawyer suggested I shouldn't, so I didn't testify at all. I think they needed to hear my side, it was the truth of what happened that day. And, if they heard that, they would probably have made a different decision.
>
> And a lot of things would have been explained if I testified, and if my attorney would have seen what I was trying to show him through the evidence and everything, what was being done and been. *And I never -- I never said I fought James, but my attorney did.*
>
> The truth is I was attacked by James, Johanna, and Jerelson, and the daughter Jewelianna is making up a short -- well, I don't -- she wasn't there at all. I will never -- I would never attack or do what they said. I mean, there is no reason. I don't know why they saying I did this.

(CR Doc. 85 at 7.) (Emphasis added.)

If Movant had testified that he never "fought James," that testimony could have been devastating to the defense. Movant's counsel asserts the victim had injuries on "the back of his head," and Movant's "DNA was found on the weapon, along with the victim's blood." (Doc. 8-1 at 1.) If Movant testified he did not fight the victim, it would likely have eliminated any possibility of a self-defense argument and left the jury to decide only if Movant had caused the victim's injuries.

As such, the Court is not persuaded by Movant's argument that "given the lack of other witnesses there was no other way of presenting self-defense besides Mr. Archuleta's testimony." (Doc. 1 at 14.) Movant's counsel was also considering whether Movant's actual testimony might be so devastating that not testifying was preferable. Given these difficult choices, the Court does not find it was unreasonable for counsel to advise Movant to remain silent. In any ineffective assistance case, "a particular decision . . . must be

directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland* 466 U.S. at 691. And, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . . " *Id.* at 690-91. *See also Hodge v. Haeberlin*, 579 F.3d 627, 640 (6th Cir. 2009) (finding when a movant "does not show that his right to testify was impaired, he cannot show deficient performance by counsel."). Movant fails to establish counsel's advice was deficient under the standard set by *Strickland*.[6][7]

### 2. Prejudice.

Movant also fails to satisfy his burden of proving a reasonable probability of prejudice.[8] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A reasonable probability requires a "substantial," not just "conceivable," likelihood of a different result. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). At the outset, Movant provides no actual information about Movant's possible testimony. Movant submits only that Movant wanted to "tell the jury 'my side of the story . . . .'" (Doc. 1 at 13.) But if Movant's side of the story is what he told the Court (*i.e.*, that he never "fought" the victim), there is no substantial likelihood of a different result. The Court is left to speculate as to Movant's testimony, which diminishes

---

[6] The Court is not persuaded by Respondent's argument that counsel's advice is not subject to *Strickland* review. Respondent asserts that the "Court cannot hold trial counsel responsible for the defendant's 'fundamental decision' not to testify, nor can the defendant have his conviction overturned based on his own decision. The Court should deny the claim on this basis alone." (Doc. 8 at 15.) Counsel's advice to a client regarding the decision to testify is reviewable. *See e.g. Demetrulias v. Davis*, 14 F.4th 898, 913 (9th Cir. 2021) ("advising a defendant against testifying is a strategic choice entitled to deference . . ."); *Smith v. Archuleta*, 658 F. App'x. 422, 438 (10th Cir. 2016) (finding "no error in the postconviction court's finding that trial counsel's decision to advise defendant not to testify was a reasonable strategic decision and did not fall outside the range of reasonable professional assistance.").

[7] Both parties (Doc. 8 at 16: Doc. 10 at 2) reference the Government's allegation (CR Doc. 31 at 2) under Rule 609 of its intent to impeach Movant with two prior felony convictions from June 30, 2011. The government agrees the prior convictions were more than 10 years old and there does not appear to be any ruling from the Court on the allegation. But Movant's counsel does not cite to this concern regarding his advice to Movant, so the Court reviews the claim on counsel's stated reasons for advising Movant.

[8] The Court need not address the prejudice prong of the *Strickland* test "if the petitioner cannot even establish incompetence under the first prong." *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

- 8 -

Movant's ability to establish prejudice. *See Gonzalez v. Knowles*, 515 F.3d 1006, 1016 (9th Cir. 2008) ("[S]peculation is plainly insufficient to establish prejudice."); *Sandgathe v. Maass*, 314 F.3d 371, 379 (9th Cir. 2002) (affirming denial of ineffective assistance claim where petitioner "offered no evidence for his asserted incompetence"); *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997) (speculative prejudice claim insufficient to establish *Strickland* standard).

The undersigned notes that the District Judge is in the far superior position to determine whether Movant's testimony would have created a substantial likelihood of a different result. At sentencing, the Court told Movant that "it was very clear from the prior incident and from the injuries to the victim that you viciously attacked him." (Doc. 1-7 at 13.) Ultimately, Judge Brnovich heard the testimony and saw the pictures that were admitted into evidence but not presented here, and the prejudice analysis must take into account "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695. Movant fails to establish he is entitled to relief on Ground Three.

## III.  Evidentiary Hearing.

A prisoner filing a claim for federal habeas relief under § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> The district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief. *See United States v. Andrade–Larrios*, 39 F.3d 986, 991 (1994). Section 2255, however, requires that "an evidentiary hearing 'shall' be granted '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Baumann v. United States*, 692 F.2d 565, 570 (9th Cir.1982) (quoting 28 U.S.C. § 2255). "[T]he petitioner need not detail his evidence, but must only make specific factual allegations which, if true, would entitle him to relief." *Id*. at 571 (citing *United States v. Hearst*, 638 F.2d 1190, 1194–95. (9th Cir. 1980)). Here, if Mejia–Mesa's allegations are proven true, an essential element of the offenses charged in two of the three crimes of conviction may be lacking. An evidentiary hearing on Mejia–Mesa's *Brady* claim is thus required.

*United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998). *Compare Lopez v. United States*, 2024 WL 3914590, at *1 (6th Cir. 2024) (remanding "to hold an evidentiary hearing

to resolve the factual dispute about whether [movant] timely instructed his attorney to file an appeal on his behalf."); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.").

Movant has requested an evidentiary hearing. (Doc. 9.) This request was based in whole or in part on Movant's request for the Court to appoint him an expert witness regarding ineffective assistance of counsel. (*Id.*) The Court denied the request to appoint an expert. (Doc. 12.) The Court does not require expert assistance "to understand the legal analysis required by *Strickland*." *Bonin v. Calderon*, 59 F.3d 815, 838 (9th Cir. 1995) (finding the district court in habeas proceedings did not abuse its "discretion by refusing to allow an expert on juror psychology" because the "district judge is himself qualified to assess the likely responses of a jury to certain evidence and is also qualified to understand the legal analysis required by Strickland"); *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998) (affirming denial of habeas evidentiary hearing regarding "counsel's decision to forego a change of venue" noting "the reasonableness of a strategic choice is a question of law to be decided by the court, not a matter subject to factual inquiry and evidentiary proof. Accordingly, it would not matter if a petitioner could assemble affidavits from a dozen attorneys swearing that the strategy used at his trial was unreasonable"). *See also* Fed. R. Evid. 702, 1972 Comm. Note (directing courts to ask whether the finder of fact "would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute").

If Movant still requests an evidentiary hearing, he is **directed to advise** the District Court of the request and state the specific grounds upon which the request is made.

## IV. CERTIFICATE OF APPEALABILITY.

A movant may not appeal a final order in a § 2255 proceeding unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may only issue if the movant makes "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the record before the Court, the Court finds that no reasonable jurist would dispute that counsel's challenged performance fell within the "wide range of reasonable professional assistance[.]" *See Strickland*, 466 U.S. at 689. The Court concludes Movant fails to establish prejudice as to Grounds One and Two and fails to establish counsel's conduct was deficient as to Ground Three.

## V. CONCLUSION

Movant fails to establish he is entitled to relief on his claims.

Accordingly,

**IT IS RECOMMENDED** the Motion to vacate, set aside or correct sentence (doc. 1) be **DENIED**.

**IT IS ORDERED** Movant submit any request for an evidentiary hearing within 14 days of the filing of this Report and Recommendation. Movant shall state the grounds for the request in the Motion.

**IT IS FURTHER RECOMMENDED** a certificate of appealability and leave to proceed *in forma pauperis* on appeal be **DENIED**. Movant has not demonstrated reasonable jurists could find the ruling debatable or jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of this Report and Recommendation's copy to file specific, written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen days to respond to the objections. Failure to timely object to the Magistrate Judge's Report and Recommendation

may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely object to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 9th day of July, 2025.

Honorable John Z. Boyle
United States Magistrate Judge